UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | ) |
| | ) **JUDGE RICHARD L. SPEER** |
| Timothy/Tonya Kohl | ) |
| | ) Case No. 08-3028 |
| Debtor(s) | ) |
| | ) (Related Case: 07-34797) |
| Timothy Kohl, et al. | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) |
| IRS, et al | ) |
| | ) |
| Defendant(s) | ) |

**DECISION AND ORDER**

This cause comes before the Court on the Motion of the Defendant, the United States of America, for Judgment on the Pleadings. (Doc. No. 9). This Motion is brought against the Plaintiffs/Debtors' Complaint to Determine Dischargeability. (Doc. No. 1). Against the Defendant's Motion, the Plaintiffs filed a response opposing the relief sought by the Defendant. (Doc. No. 11). Both of the Parties filed legal memoranda supporting their respective positions. The Court has now had time to review the arguments made by the Parties and finds, for the reasons explained in this Decision, that the Motion of the Defendant should be Granted.

**FACTS**

The Plaintiffs in this matter, Timothy and Tonya Kohl, are debtors, having sought the protections of this Court on November 11, 2007. The Debtors filed their bankruptcy petition under

Chapter 7. (Main Case, Doc. No. 1). During the administration of their bankruptcy case, the Trustee determined that no assets were available for distribution. (Main Case, Doc. No. 19).

Following the filing of their petition in bankruptcy, the Debtors commenced this action, seeking a determination that certain tax obligations assessed by the Defendant against the Debtor, Tonya Kohl, should be held to be dischargeable debts. According to the information before the Court, these tax obligations stem from penalties assessed by the Internal Revenue Service ("IRS") against Mrs. Kohl in the amount of $95,377.41. (Doc. No. 1). For this obligation, the Defendant did not file a claim against the Debtors' bankruptcy estate, there being no assets available for distribution.

## PROCEDURE

Before this Court is the Defendant's Motion for Judgment on the Pleadings. The Defendant's Motion is made pursuant to Federal Rule of Civil Procedure 12(c), as made applicable to this proceeding by Bankruptcy Rule 7012(b). Federal Rule of Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

When ruling on a defendant's Motion for Judgment on the Pleadings, the Court must accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005) In making this assessment, the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *Id.* A court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999).

Timothy Kohl, et al. v. IRS, et al.
Case No. 08-3028

In its Motion for Judgment on the Pleadings, the Defendant raised two separate grounds: First, according to the Defendant, the tax "penalties the debtor/plaintiff Tonya Kohl seeks to have discharged in this adversary proceeding are nondischargeable as a matter of law pursuant to 11 U.S.C. §§ 523(a)(1)(A) and 508(a)(8)(C)."[1] (Doc. No. 9). Second, the Defendant set forth in its Motion that "to the extent the Court views Debtors' complaint as asserting a claim under 11 U.S.C. § 505, the United States requests that the Court abstain from making a determination of the validity of the assessed trust fund recovery penalties as it serves no bankruptcy purpose and, thus, the Court lack [sic] jurisdiction over any such 'claim.'" *Id.*

Regarding the grounds raised by the Defendant in its Motion, the Debtors acknowledged that the nature of the tax penalties at issue in this matter, arising from what is known as a "trust fund" tax, are excepted from discharge under the Bankruptcy Code sections cited by the Defendant. (Doc. No. 11). The Debtors, however, assert that the tax penalties should still be discharged because Mrs. Kohl is not the party legally responsible for the underlying tax, and thus the assessment of the tax penalties was made in error. In taking this position, the "Debtors request that this Court accept jurisdiction over this 'claim' and determine whether there is sufficient evidence to find Tonya Kohl liable for these penalties." (Doc. No. 11, at pg. 1). Against this position, the Defendant reiterated that the "Court should abstain from making a determination as to the validity of the assessment at issue, under § 505(a)(1), because it would serve no bankruptcy purpose and, thus, the Court lacks the jurisdiction, under 28 U.S.C. § 1334(b), to make such a determination." (Doc. No. 12, at pg. 1-2).

---

[1] There exists no § 508(a)(8)(C) in the Bankruptcy Code. The Court will presume that the Defendant is referring to § 507(a)(8)(C) which concerns tax matters.

Page 3

Timothy Kohl, et al. v. IRS, et al.
Case No. 08-3028

## DISCUSSION

A court is only competent to render a decision in a case over which it has subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244, 163 L.Ed.2d 1097 (2006) (subject-matter jurisdiction involves a court's power to hear a case, and can never be forfeited or waived). Where a complaint does not state a viable ground to confer upon the court subject-matter jurisdiction, a judgment on the pleadings is appropriate, and the case must be dismissed in its entirety. *Id.*; *see also Alonzo v. Chase Manhattan Bank*, 25 F.Supp.2d 455, 457 (S.D.N.Y. 1998) ("Although subject matter jurisdiction is normally challenged under 12(b)(1), it may also be raised on a motion pursuant to Rule 12(c).").

As put forth by the Defendant, the subject-matter jurisdiction of this Court is defined by 28 U.S.C. § 1334. This provision confers exclusive jurisdiction on the district court over all estate property as well as for "all cases under title 11." In addition, § 1334 confers upon the district court original, but not exclusive, jurisdiction "of all proceedings arising under title 11, or arising in or related to cases under title 11." Section § 157(a) of Title 28, then enables district courts to refer their bankruptcy jurisdiction to the bankruptcy courts. In this judicial district, the Northern District of Ohio, bankruptcy cases are referred to bankruptcy courts pursuant to a General Order of Reference entered and in effect since July 16, 1984.

Based on this framework, the jurisdiction of this Court extends to both property of the debtor's estate and these four matters: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in title 11 cases; and (4) proceedings related to cases under title 11. *See In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987). The first category listed is the bankruptcy case itself for which this Court is conferred with jurisdiction to enter appropriate orders and judgments, subject only to appellate review. 28 U.S.C. § 157(b)(1). The same also is true with respect to the next two categories so long as the proceeding is a "core proceeding." *Id.*

Page 4

Timothy Kohl, et al. v. IRS, et al.
Case No. 08-3028

The law defines a "core proceeding" by reference to an nonexclusive list of examples, and may be said to be a proceeding that "either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." 28 U.S.C. § 157(b)(2); *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992). Among the list of actions deemed by law to fall within the scope of a "core proceeding" are "determinations as to the dischargeability of particular debts." The action now before the Court, as brought by the Debtors, conforms exactly to this jurisdictional prerequisite. In their Complaint, the relief sought by the Debtors sets forth that "the debt currently owed to the Internal Revenue Service, for tax period ended 12/31/04 and 3/31/05, should be found to be dischargeable . . . ." (Doc. No. 1, at pg. 3).

Based on this averment, it may be said that what this Court has before it is a well-pled complaint, wherein the Debtors seek a form of relief for which the Congress of the United States has specifically conferred upon this Court jurisdiction to adjudicate. For this reason, the Court is somewhat puzzled by the Defendant's position that jurisdiction in this proceeding is lacking. In fact, in its Answer to the Debtors' Complaint, the Defendant admitted that it assessed tax penalties against the Debtor, Tonya Kohl, for those periods cited by the Debtors in their complaint to determine dischargeability. (Doc. No. 5, ¶ 6). The Defendant, thus, acknowledged a key component in any dischargeability determination: the existence of a debt. *In re White*, 363 B.R. 157, 163 (Bankr. D.Idaho 2007).

The fact, as the Defendant seems to suggest that no estate property is at issue, does not deprive the Court of jurisdiction. Matters concerning discharge, by their nature, do not directly implicate the estate. Yet, matters concerning a discharge in bankruptcy clearly invoke a substantive right created by federal bankruptcy law and exist only within the confines of a bankruptcy case. Consequently, the Court, for these reasons, disagrees with the Defendant's position that jurisdiction in this proceeding is completely lacking. This proceeding, being at its core an action to determine

Page 5

Timothy Kohl, et al. v. IRS, et al.
Case No. 08-3028

the dischargeability of a debt, falls squarely within the ambit of those types of proceedings for which subject-matter jurisdiction has been conferred on this Court by 28 U.S.C. §§ 157 and 1334.

Notwithstanding, this does not mean that the Court must hear the Debtors' Complaint. The points raised by the Defendant, although not relevant in a jurisdictional sense, implicate the doctrine of discretionary abstention. This doctrine, set forth in 28 U.S.C. § 1334(c)(1), provides:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

At issue on the matter of discretionary abstention, also known as permissive abstention, are penalties assessed against Mrs. Kohl based upon her alleged failure to properly remit a tax obligation known as a "trust fund" tax. This is a tax, which although owed by a party other than the debtor, is collected or withheld by the debtor from the other party. 4 Collier on Bankruptcy ¶ 507.10[4], p. 507-73 (15th ed. rev.2006). Pursuant to 11 U.S.C. § 507(a)(8)(C) and § 523(a)(1)(A) this type of debt is a nondischargeable obligation, a fact which the Debtors do not contest.[2]

---

2

These section provide:

11 U.S.C. § 507

(a) The following expenses and claims have priority in the following order:

> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for–
>
> > (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity[.]

Page 6

Timothy Kohl, et al. v. IRS, et al.
Case No. 08-3028

The Debtors, however, assert that the tax penalties should still be discharged because Mrs. Kohl is not the party legally responsible for the underlying tax, and thus the assessment of the tax penalties was made in error. In taking this position, the "Debtors request that this Court accept jurisdiction over this 'claim' and determine whether there is sufficient evidence to find Tonya Kohl liable for these penalties." (Doc. No. 11, at pg. 1). As authority for this position, the Debtors rely on § 505(a)(1).

> Section 505(a)(1) provides:
>
> (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

This provision vests bankruptcy courts with broad jurisdiction to determine tax liabilities arising either before or after the filing of a case under title 11. Yet, while broad in scope, a bankruptcy court's exercise of jurisdiction under § 505 is permissive, not mandatory. As a result, where the aims of § 505 would not be furthered, discretionary abstention under 28 U.S.C. § 1334(c)(1) is particularly appropriate. *In re Daniels*, 304 B.R. 695, 701 (Bankr. E.D.Pa. 2003).

---

11 U.S.C. § 523

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

    (1) for a tax or a customs duty–

        (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed[.]

Page 7

Timothy Kohl, et al. v. IRS, et al.
Case No. 08-3028

Section 505(a) was enacted with a couple of aims in mind. First, in order to facilitate the bankruptcy goal of expediting the administration of claims against the estate, § 505 was enacted to provide a forum for the speedy resolution of disputed tax claims so as to avoid any delay in the administration of the bankruptcy case. *In re Stevens*, 210 B.R. 200, 202 (Bankr. M.D.Fla. 1997). In addition, Congress also sought to address a specific concern through the enactment of § 505(a)(1): to protect creditors from the dissipation of estate assets which could result if creditors were bound by tax judgment which the debtor, due to his ailing financial condition, did not contest. *In re Northwest Beverage, Inc.*, 46 B.R. 631, 635 (Bankr. N.D.Ill.1985). Neither of these aims, however, would be furthered in this case if the Court were to make a determination regarding whether Mrs. Kohl is the responsible party for the penalties assessed by the IRS.

The Debtors' estate has no assets for distribution. *In re Kaufman*, 115 B.R. 378, 379 (S.D.Fla.1990) (abstention is especially appropriate in no-asset cases). Moreover, no assets will be made available for distribution if the Debtors should prevail on their complaint. Conversely, no assets will be available to satisfy the debt owed to the Defendant should it prevail. The Debtors have also received their discharge.

These points show that the Debtors are the only possible beneficiaries if their action under § 505(a)(1) were to proceed. However, consistent with those goals set forth above, § 505(a)(1) does not function as an alternative forum for tax litigation when such litigation would have no impact upon the administration of bankruptcy case. *In re Williams*, 190 B.R. 225, 228 (Bankr. W.D.Pa.1995). Instead, the intended beneficiaries of the aims served by § 505(a) are the general body of unsecured creditors – that is, the estate – not the debtor. *In re Williams*, 190 B.R. at 227. In this way, debtors proceeding under Chapter 7, having surrendered their assets to the estate for administration, are not normally entitled to maintain actions under § 505(a)(1) to determine their tax liability, particularly where there exists no assets for distribution. *In re Stevens*, 210 B.R. at 202-03.

Page 8

Timothy Kohl, et al. v. IRS, et al.
Case No. 08-3028

Accordingly, for these reasons, the Court finds that discretionary abstention, in accordance with 28 U.S.C. § 1334(c)(1), is appropriate in this matter. In coming to this decision, it is worth mentioning that other courts, when faced with almost identical circumstances, have reached the same result. *See In re Queen*, 148 B.R. 256 (S.D.W.Va.1992) (upholding bankruptcy court's determination that abstention was proper where debtor alleged that he was not responsible party for trust fund tax, and where no assets were available for distribution in the debtor's Chapter 7 case); *In re Ontiveros*, 271 B.R. 646 (Bankr. N.D.Cal. 2001) (bankruptcy court abstained from hearing adversary proceeding brought by Chapter 7 debtor for determination that he was not "responsible person" liable for unpaid payroll trust-fund taxes where debt, to the extent of any liability, was nondischargable).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, for the reasons set forth herein, it is

**ORDERED** that the Motion of the Defendant, the United States of America, for Judgment on the Pleadings, be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that, pursuant to 28 U.S.C. § 1334(c)(1), this adversary, be, and is hereby, DISMISSED.

Dated: August 19, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 9

# CERTIFICATE OF SERVICE

Copies were mailed this 19th day of August, 2008 to:

Timothy T Kohl
22080 Co Rd 7
Alvada, OH 44802

Tonya S Kohl
22080 Co Rd 7
Alvada, OH 44802

Patti Baumgartner-Novak
612 S Main St, #104
Findlay, OH 45840

Assistant US Attorney
4 Seagate, #308
Toledo, OH 43604

Internal Revenue Service
Special Procedures Branch
P.O. Box 99183, #457
Cleveland, OH 44199

United States Attorney
600 Superior Ave, #1800
Cleveland, OH 44114-2600

United States Attorney General
Dept of Justice, Tax Div
20th & Constitution Ave, Rm 4400
Washington, DC 20530

Matthew Von Schuch
PO Box 55
Ben Franklin Station
Washington, DC 20044

                                                        /s/Diana Hernandez
                                                    Deputy Clerk, U.S. Bankruptcy Court